USA v. Howard                          CR-92-74-1-SD 08/28/95

UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


United States of America

         v.                                  Criminal No. 92-74-1-SD

Charles Howard III


                              O R D E R


     Attorney Kenneth P. Glidden has filed his voucher seeking

payment for legal services rendered in the course of his

representation of Charles H. Howard III, who, following waiver of

indictment, entered a plea to an information and was thereafter

sentenced thereon.  Such services were rendered pursuant to

appointment under the Criminal Justice Act, 18 U.S.C. § 3006A

(CJA).

     As recomputed for mathematical errors,[1] the voucher seeks

reimbursement for fees and expenses in the total sum of

$5,311.57, which sum is in excess of the amount authorized under

the Plan adopted in this court in accordance with the mandates of

CJA.  Thereunder, the hourly rates may not exceed $60 per hour

---

     [1]The error occurred in the computation of the actual "in
court" hours spent.  The time records of the court for those
hearings mandate that they be reduced from 4.3 hours to 1.7
hours.

for time expended in court and $40 per hour for time expended out of court, 18 U.S.C. § 3006A(d)(1), together with reasonably incurred expenses. Id. Additionally, the maximum amount "shall not exceed $3,500 for each attorney in a case in which one or more felonies are charged." 18 U.S.C. § 3006A(d)(2).

Payment in excess of these maximums "may be made for extended or complex representation when the court in which the representation was rendered . . . certifies that the amount of excess payments is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit." 18 U.S.C. § 3006A(d)(3). The fees and expenses here sought are for the period between September 16, 1992, and September 30, 1993. Admitted to the bar in 1988, Attorney Glidden seeks compensation for 1.7 hours of "in court" time, see supra note 1, and 119 hours of "out of court" time, or a total of $4,760, for services, plus $449.57 of expenses,[2] for a grand total of $5,311.57.

In this case, the efforts of Attorney Glidden were of high professional quality in that, in this pre-Sentencing Guidelines case, he marshalled an impressive array of witnesses at sentencing, whose testimony was seriously considered by the

---

[2]Unlike the statutory limitation on the total of fees (here, $3,500), there is no limitation on the authority of the court to approve the reimbursement of expenses of counsel. Volume VII, GUIDE TO JUDICIARY POLICIES AND PROCEDURES (Appointment of Counsel in Criminal Cases), at 16.

2

court. However, the court does not believe that this is a case which warrants payment in excess of the maximum for extended or complex representation of Mr. Howard.[3]

As "only reasonably productive time is deserving of recompense" under CJA, United States v. Carnevale, 624 F. Supp. 381, 384 (D.R.I. 1985), the court believes that review of the documentation indicates that full recompense at the maximum hourly rates of CJA would be excessive in consideration of the overall nature of these proceedings. The options available to it are reduction of the total hours or reduction of the hourly rate, and the court believes that the latter course is the one to be followed.

The court has no quarrel with the 1.7 hours of "in court" time for which it feels counsel should be compensated at the $60 per hour maximum rate, for a total of $102. The court finds also that the 22.8 hours of interviews and conferences should be compensated for at the maximum hourly rate of $40, for a total of $912. For the 14.8 hours of obtaining and reviewing records, the court will allow compensation at $30 per hour, for a total of $444. For the 23.7 hours of legal research and brief writing,

---

[3]In an earlier order of April 4, 1994, the court found that such services were of assistance to Mr. Howard in Mr. Glidden's earlier representation of the defendant as a grand jury target. Certification was accordingly had.

the court allows an hourly rate of $25, for a total of $592.50. The court allows $20 per hour for the 49.7 hours of investigative and other work, for a total of $994, and, finally, the court allows $15 per hour for the 8 hours of travel time, or the sum of $120.

The grand total of the foregoing computation is $3,164.50 for legal services, to which must be added the reasonably incurred expenses for travel of $109 plus other (toll calls, $161.55; telecopies, $51.29; and Westlaw, $127.73) expenses of $340.57, for a grand total of $3,614.07.

The court, with commendation of Attorney Glidden for his diligent and competent representation of Mr. Howard, hereby approves payment on his voucher of the total sum of $3,614.07.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

August 28, 1995

cc:  US Attorney
     Kenneth P. Glidden, Esq.

4